**PERKINS et al. v. WILKINS et al.**

No. 26454.  Feb. 9, 1937.

Brett & Brett, for plaintiffs in error.

Everest, McKenzie & Gibbens, for defendants in error.

PHELPS, J. This is an appeal by plaintiffs from judgment of the trial court sustaining a demurrer to their evidence and quieting title in the defendant to the land in controversy, on defendant's cross-petition.

Defendant owned two lots. One Wilkins desired to purchase these lots. He entered into an agreement with the defendant, whereunder defendant placed a deed to him in escrow in a bank, the deed presumably to be delivered upon payment of the purchase price. There is a fair inference from the record that the defendant knew that Wilkins would have to raise the money by borrowing, and mortgaging the lots as security. For the purpose of enabling Wilkins to so obtain the purchase price, the defendant loaned Wilkins the abstract covering the property, which abstract showed the defendant to be the owner. The abstract did not indicate that title was lodged in Wilkins, nor did it even contain the contract of purchase, if such con-

tract existed. We are not informed whether it was oral or in writing.

Wilkins applied for a loan, to be secured by his mortgage covering the lots, to Interstate Mortgage Trust Company. In this application, in answer to the question "When did you purchase said premises?", he answered "April 1930. Deed in escrow in Marietta National Bank." It is important to observe at this point that the Trust Company had notice that the deed had not been delivered, and that Wilkins did not as yet have authority or power to mortgage the property. Either Wilkins or the defendant sent the aforesaid abstract to the Trust Company. The Trust Company thereby had additional notice of the fact that title was not in Wilkins and that he was without power to mortgage the property. However, accompanying the application, was a "mortgage," executed by Wilkins. It is not shown that the defendant had notice of the execution of the mortgage, or of the terms of the application for the loan.

The Trust Company did not make the loan, but did fraudulently represent to the plaintiffs, who lived in Massachusetts, that this mortgage was a first and valid lien against the premises, that the abstract was in its possession and that it showed the title to be good, inferring that the title was in Wilkins. Neither the defendant nor Wilkins had notice of such misrepresentation, which was made in Massachusetts, and on the strength of that misrepresentation the plaintiffs bought the mortgage from the Trust Company. Upon being apprised of the true situation, they filed this action to foreclose their mortgage, contending that the owner was estopped to deny the validity thereof, having clothed Wilkins with apparent authority to mortgage the premises.

In our opinion the action of the trial court in sustaining the demurrer was correct. We fail to comprehend in what manner the actions of the owner clothed Wilkins with apparent authority to execute the mortgage. The mere loan of the abstract to him, or the delivery thereof to the Trust Company from whom Wilkins sought the loan, could not be considered as an appointment of Wilkins as the agent of the owner to pledge the property prior to the actual delivery of a deed from the owner to Wilkins. The abstract itself clearly indicated that Wilkins had no authority or power to mortgage the premises. As stated above, both by the language of the application for the loan, and the recitals in the abstract, the Trust Company had notice that Wilkins possessed no such power. Had

the Trust Company made the loan, it no doubt would first have taken the precaution to see that the deed was delivered to Wilkins and was recorded, and the money paid to the owner. Therefore, when the Trust Company defrauded the plaintiffs, it was not because of any apparent clothing of Wilkins with authority to mortgage the premises, for the owner had done nothing upon which anyone could reasonably rely as constituting apparent authority to mortgage.

Plaintiffs also urge the familiar principle that where one of two innocent parties must suffer from the fraud of a third party, the loss should fall on the one whose act has enabled such fraud to be committed. We fail to observe any act of the defendant which would bring that rule into play. It does not appear that the owner in the instant case was guilty of any act or omission contributing to the fraud. All that the defendant owner did was place its deed in escrow and loan its abstract. There is no connection between those acts and the fraudulent representations of the Trust Company to the plaintiffs. It appears to us that as between the plaintiffs and defendant the plaintiffs were the negligent parties, in failing to examine the abstract prior to purchasing the so-called mortgage.

The judgment is affirmed.

OSBORN, C. J., and BUSBY, CORN, and HURST, JJ., concur.